IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC,
a Florida Limited Liability Company; and
BLITZ TELECOM CONSULTING, LLC,
a Florida Limited Liability Company,

        Plaintiffs,

                                      6:20-cv-02315-WWB-EJK

vs.

KELLEY DRYE & WARREN LLP,
a New York Limited Liability Partnership;
HENRY KELLY;
CATHERINE JAMES;
PEERLESS NETWORK, INC.,
an Illinois Corporation; and
RICHARD KNIGHT;

        Defendants.

_____/

## ANSWER AND DEFENSES TO THIRD AMENDED COMPLAINT

Defendants Kelley Drye & Warren LLP ("KDW"), Henry Kelly, and Catherine James (collectively, the "KDW Defendants") answer the Third Amended Complaint (Doc. 102) as follows:

## PARTIES

1.      Without knowledge, therefore denied.

2.      Without knowledge, therefore denied.

3.      Without knowledge, therefore denied.

4.      Without knowledge, therefore denied.

5.      Without knowledge, therefore denied.

6.     Without knowledge, therefore denied.

7.     Without knowledge, therefore denied.

8.     Without knowledge, therefore denied.

9.     Admitted.

10.    Denied that Henry Kelly was the managing partner of KDW's Chicago office at all relevant times; otherwise admitted.

11.    Admitted.

12.    Denied that Catherine James is domiciled in and is a citizen of Kane County, Illinois; otherwise admitted.

13.    Without knowledge, therefore denied.

14.    The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, admitted that Henry Kelly and Catherine James were attorneys with KDW at all times material hereto; otherwise, denied.

15.    Without knowledge, therefore denied.

## **JURISDICTION AND VENUE**

16.    Admitted that Plaintiffs purport to assert various claims for misappropriation of trade secrets and violation of the Telecommunications Act under the statutes identified. The KDW Defendants deny the merits of this action and deny that Plaintiffs are entitled to any relief.

17.    Admitted for jurisdictional purposes, otherwise denied.

18.    Admitted for jurisdictional purposes, otherwise denied.

19.     Admitted.

20.     Denied that Catherine James appeared as counsel in Case I; otherwise admitted.

21.     Admitted that Plaintiffs purport to assert various claims related to Case III. The document attached as Exhibit 1 to Plaintiff's Third Amended Complaint speaks for itself. Otherwise denied.

22.     Denied.

23.     The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, the KDW Defendants deny the merits of this action and deny that Plaintiffs are entitled to any relief. The quoted provision of the Telecommunications Act speaks for itself.

24.     Admitted that venue is proper; otherwise denied.

## GENERAL ALLEGATIONS

25.     Admitted that Blitz and Peerless entered into the referenced agreement, which speaks for itself; otherwise denied.

26.     Admitted that Blitz filed a lawsuit against Peerless (Case I), which resulted in a judgment against Peerless; otherwise denied.

27.     Denied that Catherine James appeared as counsel in Case I; otherwise admitted.

28.     Admitted that Local Access and Peerless entered into the referenced agreement, which speaks for itself; otherwise denied.

29.     Admitted that Local Access and Blitz filed a lawsuit against Peerless (Case II), which resulted in settlement that was held to be an agreement on appeal; otherwise denied.

30.     Admitted.

31.     Admitted that Local Access filed a lawsuit against Peerless (Case III); otherwise denied.

32.     Admitted.

33.     Admitted that Local Access filed the referenced Complaint; otherwise denied.

34.     Denied.

35.     Admitted that the parties in Case III moved the Court for entry of a protective order; otherwise denied. The document attached as Exhibit 3 to Plaintiffs' Third Amended Complaint speaks for itself.

36.     Admitted that the Court in Case III entered a Protective Order Governing the Production of Discovery Material on or around July 10, 2017, which document attached as Exhibit 1 to Plaintiffs' Third Amended Complaint (the "Protective Order") speaks for itself.

37.     The Protective Order speaks for itself; otherwise denied.

38.     The Protective Order speaks for itself; otherwise denied.

39.     The Protective Order speaks for itself; otherwise denied.

40.     The Protective Order speaks for itself; otherwise denied.

41.     The Protective Order speaks for itself; otherwise denied.

42.    The Protective Order speaks for itself; otherwise denied.

43.    The Protective Order speaks for itself; otherwise denied.

44.    Admitted that Local Access produced documents to KDW in December 2017 in Case III, which were given certain confidentiality designations. The allegations contained in this paragraph regarding whether that information fits certain definitions under various statutes state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied. Otherwise without knowledge, therefore denied.

45.    Admitted that Local Access produced documents to KDW in January 2018 in Case III, which were given certain confidentiality designations. The allegations contained in this paragraph regarding whether that information fits certain definitions under various statutes state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied. Otherwise without knowledge, therefore denied.

46.    Admitted that Local Access produced documents to KDW in April 2018 in Case III, which were given certain confidentiality designations. The allegations contained in this paragraph regarding whether that information fits certain definitions under various statutes state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied. Otherwise without knowledge, therefore denied.

47.    Admitted that Local Access produced documents to KDW in December 2017 in Case III, which were given certain confidentiality designations. Otherwise

without knowledge, therefore denied.

48.    Admitted that Local Access produced documents to KDW in January and April 2018 in Case III, which were given certain confidentiality designations. Otherwise without knowledge, therefore denied.

49.    Without knowledge, therefore denied.

50.    Without knowledge, therefore denied.

51.    Without knowledge, therefore denied.

52.    Without knowledge, therefore denied.

53.    Without knowledge, therefore denied.

54.    Denied that the KDW Defendants misappropriated any information or caused Plaintiffs to suffer any damages. Otherwise, without knowledge, therefore denied.

55.    Without knowledge, therefore denied.

56.    Without knowledge, therefore denied.

57.    The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied.

58.    The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied.

59.    The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW

Defendants are required to respond, without knowledge, therefore denied.

60.     The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied.

61.     The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied.

62.     The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied.

63.     The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied.

64.     Admitted that Local Access produced documents to KDW in May 2018 in Case III, which were given certain confidentiality designations. The allegations contained in this paragraph regarding whether that information fits certain definitions under various statutes state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied. Otherwise without knowledge, therefore denied.

65.     Without knowledge, therefore denied.

66.     Without knowledge, therefore denied.

67.     Without knowledge, therefore denied.

7

68.     Denied that the KDW Defendants misappropriated any information or caused Plaintiffs to suffer any damages. Otherwise, without knowledge, therefore denied.

69.     Without knowledge, therefore denied.

70.     The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied.

71.     The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied.

72.     The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied.

73.     Admitted.

74.     Admitted.

75.     Admitted.

76.     Denied.

77.     Without knowledge, therefore denied.

78.     The allegations contained in the first sentence are admitted. Otherwise without knowledge, therefore denied.

79.     Denied.

80.     Denied.

81.     The allegations contained in the last sentence of this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond to those allegations, denied. Otherwise denied.

82.     Admitted that on or about February 12, 2018, the KDW Defendants disclosed to Richard Knight the names of entities that were included in the December 2017 Call Detail Records for the purposes of litigation; otherwise denied.

83.     Denied.

84.     Denied.

85.     Without knowledge, therefore denied.

86.     Admitted that Bob Sherman provided a list of phone numbers to Catherine James and Henry Kelly in or around February 2018 in connection with and for purposes of the litigation in Case III; otherwise without knowledge and denied.

87.     Without knowledge, therefore denied.

88.     Without knowledge, therefore denied.

89.     Without knowledge, therefore denied.

90.     Without knowledge, therefore denied.

91.     Without knowledge, therefore denied.

92.     Without knowledge, therefore denied.

93.     Without knowledge, therefore denied.

94.     Without knowledge, therefore denied.

95.     Denied.

96.   Admitted that Plaintiffs produced information in January 2018 with certain confidentiality designations.

97.   The Protective Order speaks for itself; otherwise denied.

98.   Admitted that the KDW Defendants provided the January 2018 Production to Peerless for litigation purposes related to Case III; otherwise denied.

99.   Admitted that the KDW Defendants provided the January 2018 Production to Peerless for litigation purposes related to Case III; otherwise without knowledge, therefore denied.

100.   Denied.

101.   Denied.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Without knowledge, therefore denied.

110.   Without knowledge, therefore denied.

111.   Admitted that Plaintiffs produced information in April 2018 with certain confidentiality designations.

112.   As to the allegations in the first sentence, the Protective Order speaks

for itself; otherwise denied. As to the allegations in the second and third sentences, denied.

113.    Denied.

114.    Without knowledge, therefore denied.

115.    Admitted.

116.    Denied.

117.    Admitted that Plaintiffs produced information in May 2018 with certain confidentiality designations.

118.    The Protective Order speaks for itself; otherwise denied.

119.    Without knowledge, therefore denied.

120.    Denied.

121.    Without knowledge, therefore denied.

122.    Without knowledge, therefore denied.

123.    Without knowledge, therefore denied.

124.    Admitted that the KDW Defendants acknowledged in May 2018 that they had provided certain information produced by Plaintiffs in discovery to Peerless by email to Plaintiffs' counsel and provided notice to the Court on June 1, 2018, which materials speak for themselves; otherwise denied.

125.    Admitted that the KDW Defendants notified the Court in Case III that the KDW Defendants had provided the December 2017 and January 2018 Productions to Peerless, and such notice filed with the Court speaks for itself; otherwise denied.

126.    Admitted that Local Access filed certain sanctions motions related to the

subject matter of this litigation, which issues were fully litigated in Case III. Otherwise denied.

127.   Denied.

128.   The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

129.   The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

130.   The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

131.   The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

132.   The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

133.   Admitted.

134.   The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

135.   Denied.

136.   Denied.

137.   The Discovery Order speaks for itself; otherwise denied.

138.   Admitted that the KDW Defendants pursued discovery in response to the sanctions motion filed against them in Case III; otherwise denied.

139.   Denied.

140.   Denied.

141.   Denied.

142.   Denied.

143.   Denied.

144.   The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

145.   The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

146.   The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

147.   The allegations contained in this paragraph state legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

148.   Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Denied.

153.   Admitted that Magistrate Judge Thomas Smith conducted an evidentiary hearing in March 2019; otherwise denied.

154.   Admitted that the evidentiary hearing addressed the sanctions motion; otherwise denied.

155.   Admitted that the Magistrate Judge issued a Report and Recommendation on the sanctions motion against KDW, which speaks for itself; otherwise denied.

156.   Admitted that the District Court Judge entered an order on the sanctions motion against KDW based on the Magistrate Judge's Report and Recommendation, which order speaks for itself; otherwise denied.

157.   The Court's order speaks for itself; otherwise denied.

158.   Denied.

159.   Denied.

160.   Admitted.

161.   Admitted that the Magistrate Judge issued a Report and Recommendation on the sanctions motion against Peerless, which speaks for itself; otherwise denied.

162.    Admitted that the District Court Judge entered an order on the sanctions motion against Peerless based on the Magistrate Judge's Report and Recommendation, which order speaks for itself; otherwise denied.

163.    Admitted that the Magistrate Judge and District Court Judge addressed the issues Plaintiffs raised against Peerless in their sanctions motion; otherwise denied.

164.    Denied.

165.    The order speaks for itself; otherwise denied.

166.    Without knowledge, therefore denied.

167.    Denied.

168.    Without knowledge, therefore denied.

169.    Denied.

170.    Denied.

171.    Denied.

172.    Denied.

173.    Denied.

174.    Without knowledge, therefore denied.

175.    Without knowledge, therefore denied.

176.    Without knowledge, therefore denied.

177.    Denied.

178.    Denied.

179.    Denied.

180.    Without knowledge, therefore denied.

181.    Without knowledge, therefore denied.

182.    Denied as to the first and third sentences. Without knowledge, therefore denied, as to the second sentence.

183.    Without knowledge, therefore denied.

184.    Without knowledge, therefore denied.

185.    Without knowledge, therefore denied.

**<u>COUNT I – Defend Trade Secrets Act</u>**
**(Blitz v. KDW, Henry Kelly and Catherine James)**[1]

186.    Admitted that Plaintiff Blitz attempts to make a claim against the KDW Defendants for remedies under the Defend Trade Secrets Act; otherwise denied.

187.    The allegations in this paragraph contain legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

188.    Without knowledge, therefore denied.

189.    The KDW Defendants incorporate their responses to paragraphs 44 through 72.

190.    Without knowledge, therefore denied.

191.    Without knowledge, therefore denied.

---

[1] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count I. The KDW Defendants adopt and incorporate their own responses thereto.

192.     This allegation constitutes a legal conclusion to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied.

193.     Without knowledge, therefore denied.

194.     Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

195.     Without knowledge, therefore denied.

196.     Without knowledge, therefore denied.

197.     Denied.

198.     Denied.

199.     Denied.

200.     This allegation constitutes a legal conclusion to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

201.     Denied.

202.     Denied.

203.     Denied.

204.     Denied.

205.     Denied.

206.     Denied.

    a.  Without knowledge, therefore denied.

    b.  Denied.

     c.  Denied.

     d.  Without knowledge, therefore, denied.

207.  Denied.

208.  Denied.

WHEREFORE, the KDW Defendants deny that Blitz is entitled to any relief sought in Count I of the Third Amended Complaint and respectfully request this Court to enter judgment in their favor, and against Blitz, as to Count I of the Third Amended Complaint, and to award the KDW Defendants the costs they incur in this action, as well as their attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D), and such other relief as the Court deems just and proper.

## COUNT II – Defend Trade Secrets Act
### (Local Access v. KDW, Henry Kelly and Catherine James)[2]

209.  Admitted that Plaintiff Local Access attempts to make a claim against the KDW Defendants for remedies under the Defend Trade Secrets Act; otherwise denied.

210.  The allegations in this paragraph contain legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

211.  Without knowledge, therefore denied.

---

[2] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count II. The KDW Defendants adopt and incorporate their own responses thereto.

212.   The KDW Defendants incorporate their responses to paragraphs 44 through 72.

213.   Without knowledge, therefore denied.

214.   Without knowledge, therefore denied.

215.   Without knowledge, therefore denied.

216.   This allegation constitutes a legal conclusion to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied.

217.   Without knowledge, therefore denied.

218.   Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

219.   Without knowledge, therefore denied.

220.   Without knowledge, therefore denied.

221.   Denied.

222.   Denied.

223.   Denied.

224.   This allegation constitutes a legal conclusion to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

225.   Denied.

226.   Denied.

227.   Denied.

228.   Denied.

229.   Denied.

230.   Denied.

     a.   Without knowledge, therefore denied.

     b.   Denied.

     c.   Denied.

     d.   Without knowledge, therefore denied.

     e.   Denied.

     f.   Denied.

231.   Denied.

232.   Denied.

WHEREFORE, the KDW Defendants deny that Local Access is entitled to any relief sought in Count II of the Third Amended Complaint and respectfully request this Court to enter judgment in their favor, and against Local Access, as to Count II of the Third Amended Complaint, and to award the KDW Defendants the costs they incur in this action, as well as their attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D), and such other relief as the Court deems just and proper.

## COUNT III – Defend Trade Secrets Act
### (Blitz v. Peerless and Richard Knight)[3]

233.   Blitz did not make the allegations in paragraphs 233-262 against the

---

[3] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count III. The KDW Defendants adopt and incorporate their own responses thereto.

KDW Defendants, and therefore the KDW Defendants are not required to either admit or deny these paragraphs. To the extent a response is required and the allegations implicate any alleged liability of the KDW Defendants, those allegations are denied; otherwise, the KDW Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 233-262 of the Third Amended Complaint, including all sub-parts.

234.   See paragraph 233.

235.   See paragraph 233.

236.   See paragraph 233.

237.   See paragraph 233.

238.   See paragraph 233.

239.   See paragraph 233.

240.   See paragraph 233.

241.   See paragraph 233.

242.   See paragraph 233.

243.   See paragraph 233.

244.   See paragraph 233.

245.   See paragraph 233.

246.   See paragraph 233.

247.   See paragraph 233.

248.   See paragraph 233.

249.   See paragraph 233.

250.    See paragraph 233.

251.    See paragraph 233.

252.    See paragraph 233.

253.    See paragraph 233.

254.    See paragraph 233.

255.    See paragraph 233.

256.    See paragraph 233.

257.    See paragraph 233.

258.    See paragraph 233.

259.    See paragraph 233.

260.    See paragraph 233.

261.    See paragraph 233.

262.    See paragraph 233.

Blitz did not bring Count III of the Third Amended Complaint against The KDW

Defendants. To the extent necessary, the KDW Defendants deny that Blitz is entitled

to the relief it seeks in the "wherefore" clause of Count III.

### COUNT IV – Defend Trade Secrets Act
#### (Local Access v. Peerless and Richard Knight)[4]

263.    Local Access did not make the allegations in paragraphs 263-293

against the KDW Defendants, and therefore the KDW Defendants are not required to

_____

[4] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an
unnumbered paragraph below the heading for Count IV. The KDW Defendants adopt
and incorporate their own responses thereto.

either admit or deny these paragraphs. To the extent a response is required and the allegations implicate any alleged liability of the KDW Defendants, those allegations are denied; otherwise, the KDW Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 263-293 of the Third Amended Complaint, including all sub-parts.

264.   See paragraph 263.

265.   See paragraph 263.

266.   See paragraph 263.

267.   See paragraph 263.

268.   See paragraph 263.

269.   See paragraph 263.

270.   See paragraph 263.

271.   See paragraph 263.

272.   See paragraph 263.

273.   See paragraph 263.

274.   See paragraph 263.

275.   See paragraph 263.

276.   See paragraph 263.

277.   See paragraph 263.

278.   See paragraph 263.

279.   See paragraph 263.

280.   See paragraph 263.

281.   See paragraph 263.

282.   See paragraph 263.

283.   See paragraph 263.

284.   See paragraph 263.

285.   See paragraph 263.

286.   See paragraph 263.

287.   See paragraph 263.

288.   See paragraph 263.

289.   See paragraph 263.

290.   See paragraph 263.

291.   See paragraph 263.

292.   See paragraph 263.

293.   See paragraph 263.

Local Access did not bring Count IV of the Third Amended Complaint against

The KDW Defendants. To the extent necessary, the KDW Defendants deny that Local

Access is entitled to the relief it seeks in the "wherefore" clause of Count IV.

**COUNT V – Florida Uniform Trade Secrets Act**
**(Blitz v. KDW, Henry Kelly and Catherine James)[5]**

294.   Admitted that Plaintiff Blitz attempts to make a claim against the KDW

Defendants  for  remedies  under  the  Florida  Uniform  Trade  Secrets  Act;  otherwise

---

[5] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an
unnumbered paragraph below the heading for Count V. The KDW Defendants adopt
and incorporate their own responses thereto.

denied.

295.    The allegations in this paragraph contain legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

296.    Without knowledge, therefore denied.

297.    The KDW Defendants incorporate their responses to paragraphs 44 through 72.

298.    Without knowledge, therefore denied.

299.    Without knowledge, therefore denied.

300.    This allegation constitutes a legal conclusion to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied.

301.    Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

302.    Without knowledge, therefore denied.

303.    Without knowledge, therefore denied.

304.    Denied.

305.    Denied.

306.    Denied.

307.    This allegation constitutes a legal conclusion to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are

required to respond, denied.

308.   Denied.

309.   Denied.

310.   Denied.

311.   Denied.

312.   Denied.

313.   Denied.

    a.   Without knowledge, therefore denied.

    b.   Denied.

    c.   Denied.

    d.   Without knowledge, therefore denied.

314.   Denied.

315.   Denied.

316.   Denied.

WHEREFORE, the KDW Defendants deny that Blitz is entitled to any relief sought in Count V of the Third Amended Complaint and respectfully request this Court to enter judgment in their favor, and against Blitz, as to Count V of the Third Amended Complaint, and to award the KDW Defendants the costs they incur in this action, as well as their attorneys' fees pursuant to section 688.005, Florida Statutes (2023), and such other relief as the Court deems just and proper.

## COUNT VI – Florida Uniform Trade Secrets Act

**(Local Access v. KDW, Henry Kelly and Catherine James)**[6]

317.   Admitted that this is an action against the KDW Defendants for remedies under the Florida Uniform Trade Secrets Act; otherwise denied.

318.   The allegations in this paragraph contain legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

319.   Without knowledge, therefore denied.

320.   The KDW Defendants incorporate their responses to paragraphs 44 through 72.

321.   Without knowledge, therefore denied.

322.   Without knowledge, therefore denied.

323.   This allegation constitutes a legal conclusion to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied.

324.   Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

325.   Without knowledge, therefore denied.

326.   Without knowledge, therefore denied.

327.   Denied.

---

[6] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count VI. The KDW Defendants adopt and incorporate their own responses thereto.

328.   Denied.

329.   Denied.

330.   This allegation constitutes a legal conclusion to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

331.   Denied.

332.   Denied.

333.   Denied.

334.   Denied.

335.   Denied.

336.   Denied.

      a.   Without knowledge, therefore denied.

      b.   Denied.

      c.   Denied.

      d.   Without knowledge, therefore denied.

      e.   Denied.

      f.   Denied.

337.   Denied.

338.   Denied.

339.   Denied.

WHEREFORE, the KDW Defendants deny that Local Access is entitled to any relief sought in Count VI of the Third Amended Complaint and respectfully request this

Court to enter judgment in their favor, and against Local Access, as to Count VI of the Third Amended Complaint, and to award the KDW Defendants the costs they incur in this action, as well as their attorneys' fees pursuant to section 688.005, Florida Statutes (2023), and such other relief as the Court deems just and proper.

<u>**COUNT VII – Florida Uniform Trade Secrets Act**</u>
**(Blitz v. Peerless and Richard Knight)[7]**

340.    Blitz did not make the allegations in paragraphs 340-368 against the KDW Defendants, and therefore the KDW Defendants are not required to either admit or deny these paragraphs. To the extent a response is required and the allegations implicate any alleged liability of the KDW Defendants, those allegations are denied; otherwise, the KDW Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 340-368 of the Third Amended Complaint, including all sub-parts.

341.    See paragraph 340.

342.    See paragraph 340.

343.    See paragraph 340.

344.    See paragraph 340.

345.    See paragraph 340.

346.    See paragraph 340.

347.    See paragraph 340.

---

[7] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count VII. The KDW Defendants adopt and incorporate their own responses thereto.

348.   See paragraph 340.

349.   See paragraph 340.

350.   See paragraph 340.

351.   See paragraph 340.

352.   See paragraph 340.

353.   See paragraph 340.

354.   See paragraph 340.

355.   See paragraph 340.

356.   See paragraph 340.

357.   See paragraph 340.

358.   See paragraph 340.

359.   See paragraph 340.

360.   See paragraph 340.

361.   See paragraph 340.

362.   See paragraph 340.

363.   See paragraph 340.

364.   See paragraph 340.

365.   See paragraph 340.

366.   See paragraph 340.

367.   See paragraph 340.

368.   See paragraph 340.

Blitz did not bring Count VII of the Third Amended Complaint against The KDW

Defendants. To the extent necessary, the KDW Defendants deny that Blitz is entitled to the relief it seeks in the "wherefore" clause of Count VII.

<u>**COUNT VIII – Florida Uniform Trade Secrets Act**</u>
**(Local Access v. Peerless and Richard Knight)**[8]

369.    Local Access did not make the allegations in paragraphs 369-398 against the KDW Defendants, and therefore the KDW Defendants are not required to either admit or deny these paragraphs. To the extent a response is required and the allegations implicate any alleged liability of the KDW Defendants, those allegations are denied; otherwise, the KDW Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 369-398 of the Third Amended Complaint, including all sub-parts.

370.    See paragraph 369.

371.    See paragraph 369.

372.    See paragraph 369.

373.    See paragraph 369.

374.    See paragraph 369.

375.    See paragraph 369.

376.    See paragraph 369.

377.    See paragraph 369.

378.    See paragraph 369.

---

[8] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count VIII. The KDW Defendants adopt and incorporate their own responses thereto.

379.   See paragraph 369.

380.   See paragraph 369.

381.   See paragraph 369.

382.   See paragraph 369.

383.   See paragraph 369.

384.   See paragraph 369.

385.   See paragraph 369.

386.   See paragraph 369.

387.   See paragraph 369.

388.   See paragraph 369.

389.   See paragraph 369.

390.   See paragraph 369.

391.   See paragraph 369.

392.   See paragraph 369.

393.   See paragraph 369.

394.   See paragraph 369.

395.   See paragraph 369.

396.   See paragraph 369.

397.   See paragraph 369.

398.   See paragraph 369.

Local Access did not bring Count VIII of the Third Amended Complaint against

The KDW Defendants. To the extent necessary, the KDW Defendants deny that Local

Access is entitled to the relief it seeks in the "wherefore" clause of Count VIII.

<u>**COUNT IX – Illinois Trade Secrets Act**</u><br>**(Blitz v. KDW, Henry Kelly and Catherine James)**[9]

399.    Admitted that Blitz attempts to make a claim against the KDW Defendants for remedies under the Illinois Trade Secrets Act; otherwise denied.

400.    The allegations in this paragraph contain legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

401.    Without knowledge, therefore denied.

402.    The KDW Defendants incorporate their responses to paragraphs 44 through 72.

403.    Without knowledge, therefore denied.

404.    Without knowledge, therefore denied.

405.    This allegation constitutes a legal conclusion to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, without knowledge, therefore denied.

406.    Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

407.    Without knowledge, therefore denied.

---

[9] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count IX. The KDW Defendants adopt and incorporate their own responses thereto.

408.   Without knowledge, therefore denied.

409.   Denied.

410.   Denied.

411.   Denied.

412.   This allegation constitutes a legal conclusion to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

413.   Denied.

414.   Denied.

415.   Denied.

416.   Denied.

417.   Denied.

418.   Denied.

    a.  Without knowledge, therefore denied.

    b.  Denied.

    c.  Denied.

    d.  Without knowledge, therefore denied.

419.   Denied.

420.   Denied.

421.   Denied.

WHEREFORE, the KDW Defendants deny that Blitz is entitled to any relief sought in Count IX of the Third Amended Complaint and respectfully request this Court

to enter judgment in their favor, and against Blitz, as to Count IX of the Third Amended Complaint, and to award the KDW Defendants the costs they incur in this action, as well as their attorneys' fees pursuant to 765 Ill. Comp. Stat. 1065/5, and such other relief as the Court deems just and proper.

**COUNT X – Illinois Trade Secrets Act**
**(Local Access v. KDW, Henry Kelly and Catherine James)**[10]

422.   Admitted that Local Access attempts to make a claim against the KDW Defendants for remedies under the Illinois Trade Secrets Act; otherwise denied.

423.   The allegations in this paragraph contain legal conclusions to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

424.   Without knowledge, therefore denied.

425.   The KDW Defendants incorporate their responses to paragraphs 44 through 72.

426.   Without knowledge, therefore denied.

427.   Without knowledge, therefore denied.

428.   Without knowledge, therefore denied.

429.   This allegation constitutes a legal conclusion to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are

---

[10] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count X. The KDW Defendants adopt and incorporate their own responses thereto.

required to respond, without knowledge, therefore denied.

430.   Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

431.   Without knowledge, therefore denied.

432.   Without knowledge, therefore denied.

433.   Denied.

434.   Denied.

435.   Denied.

436.   This allegation constitutes a legal conclusion to which the KDW Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

437.   Denied.

438.   Denied.

439.   Denied.

440.   Denied.

441.   Denied.

442.   Denied.

      a.  Without knowledge, therefore denied.

      b.  Denied.

      c.  Denied.

      d.  Without knowledge, therefore denied.

      e.  Denied.

     f.   Denied.

443.   Denied.

444.   Denied.

445.   Denied.

WHEREFORE, the KDW Defendants deny that Local Access is entitled to any relief sought in Count X of the Third Amended Complaint and respectfully request this Court to enter judgment in their favor, and against Local Access, as to Count X of the Third Amended Complaint, and to award the KDW Defendants the costs they incur in this action, as well as their attorneys' fees pursuant to 765 Ill. Comp. Stat. 1065/5, and such other relief as the Court deems just and proper.

### COUNT XI – Illinois Trade Secrets Act
**(Blitz v. Peerless and Richard Knight)**[11]

446.   Blitz did not make the allegations in paragraphs 446-474 against the KDW Defendants, and therefore the KDW Defendants are not required to either admit or deny these paragraphs. To the extent a response is required and the allegations implicate any alleged liability of the KDW Defendants, those allegations are denied; otherwise, the KDW Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 446-474 of the Third Amended Complaint, including all sub-parts.

447.   See paragraph 446.

---

[11] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count XI. The KDW Defendants adopt and incorporate their own responses thereto.

448.  See paragraph 446.

449.  See paragraph 446.

450.  See paragraph 446.

451.  See paragraph 446.

452.  See paragraph 446.

453.  See paragraph 446.

454.  See paragraph 446.

455.  See paragraph 446.

456.  See paragraph 446.

457.  See paragraph 446.

458.  See paragraph 446.

459.  See paragraph 446.

460.  See paragraph 446.

461.  See paragraph 446.

462.  See paragraph 446.

463.  See paragraph 446.

464.  See paragraph 446.

465.  See paragraph 446.

466.  See paragraph 446.

467.  See paragraph 446.

468.  See paragraph 446.

469.  See paragraph 446.

470.  See paragraph 446.

471.  See paragraph 446.

472.  See paragraph 446.

473.  See paragraph 446.

474.  See paragraph 446.

Blitz did not bring Count XI of the Third Amended Complaint against The KDW
Defendants. To the extent necessary, the KDW Defendants deny that Blitz is entitled
to the relief it seeks in the "wherefore" clause of Count XI.

**COUNT XII – Illinois Trade Secrets Act**
**(Local Access v. Peerless and Richard Knight)**[12]

475.  Local Access did not make the allegations in paragraphs 475-504
against the KDW Defendants, and therefore the KDW Defendants are not required to
either admit or deny these paragraphs. To the extent a response is required and the
allegations implicate any alleged liability of the KDW Defendants, those allegations
are denied; otherwise, the KDW Defendants lack sufficient information to admit or
deny the allegations contained in Paragraphs 475-504 of the Third Amended
Complaint, including all sub-parts.

476.  See paragraph 475.

477.  See paragraph 475.

478.  See paragraph 475.

---

[12] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an
unnumbered paragraph below the heading for Count XII. The KDW Defendants adopt
and incorporate their own responses thereto.

479.  See paragraph 475.

480.  See paragraph 475.

481.  See paragraph 475.

482.  See paragraph 475.

483.  See paragraph 475.

484.  See paragraph 475.

485.  See paragraph 475.

486.  See paragraph 475.

487.  See paragraph 475.

488.  See paragraph 475.

489.  See paragraph 475.

490.  See paragraph 475.

491.  See paragraph 475.

492.  See paragraph 475.

493.  See paragraph 475.

494.  See paragraph 475.

495.  See paragraph 475.

496.  See paragraph 475.

497.  See paragraph 475.

498.  See paragraph 475.

499.  See paragraph 475.

500.  See paragraph 475.

501.   See paragraph 475.

502.   See paragraph 475.

503.   See paragraph 475.

504.   See paragraph 475.

Local Access did not bring Count XII of the Third Amended Complaint against The KDW Defendants. To the extent necessary, the KDW Defendants deny that Local Access is entitled to the relief it seeks in the "wherefore" clause of Count XII.

## COUNT XIII – Telecommunications Act - §222(b)
### (Blitz v. Peerless)[13]

505.   Blitz did not make the allegations in paragraphs 505-526 against the KDW Defendants, and therefore the KDW Defendants are not required to either admit or deny these paragraphs. To the extent a response is required and the allegations implicate any alleged liability of the KDW Defendants, those allegations are denied; otherwise, the KDW Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 505-526 of the Third Amended Complaint, including all sub-parts.

506.   See paragraph 505.

507.   See paragraph 505.

508.   See paragraph 505.

509.   See paragraph 505.

---

[13] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count XIII. The KDW Defendants adopt and incorporate their own responses thereto.

510.   See paragraph 505.

511.   See paragraph 505.

512.   See paragraph 505.

513.   See paragraph 505.

514.   See paragraph 505.

515.   See paragraph 505.

516.   See paragraph 505.

517.   See paragraph 505.

518.   See paragraph 505.

519.   See paragraph 505.

520.   See paragraph 505.

521.   See paragraph 505.

522.   See paragraph 505.

523.   See paragraph 505.

524.   See paragraph 505.

525.   See paragraph 505.

526.   See paragraph 505.

Blitz did not bring Count XIII of the Third Amended Complaint against The KDW Defendants. To the extent necessary, the KDW Defendants deny that Blitz is entitled to the relief it seeks in the "wherefore" clause of Count XIII.

## COUNT XIV – Telecommunications Act - §222(c)

**(Blitz v. Peerless)**[14]

527.   Blitz did not make the allegations in paragraphs 527-551 against the KDW Defendants, and therefore the KDW Defendants are not required to either admit or deny these paragraphs. To the extent a response is required and the allegations implicate any alleged liability of the KDW Defendants, those allegations are denied; otherwise, the KDW Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 527-551 of the Third Amended Complaint, including all sub-parts.

528.   See paragraph 527.

529.   See paragraph 527.

530.   See paragraph 527.

531.   See paragraph 527.

532.   See paragraph 527.

533.   See paragraph 527.

534.   See paragraph 527.

535.   See paragraph 527.

536.   See paragraph 527.

537.   See paragraph 527.

538.   See paragraph 527.

539.   See paragraph 527.

---

[14] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count XIV. The KDW Defendants adopt and incorporate their own responses thereto.

540.   See paragraph 527.

541.   See paragraph 527.

542.   See paragraph 527.

543.   See paragraph 527.

544.   See paragraph 527.

545.   See paragraph 527.

546.   See paragraph 527.

547.   See paragraph 527.

548.   See paragraph 527.

549.   See paragraph 527.

550.   See paragraph 527.

551.   See paragraph 527.

Blitz did not bring Count XIV of the Third Amended Complaint against The KDW Defendants. To the extent necessary, the KDW Defendants deny that Blitz is entitled to the relief it seeks in the "wherefore" clause of Count XIV.

## COUNT XV – Telecommunications Act - §222(b)
### (Local Access v. Peerless)[15]

552.   Local Access did not make the allegations in paragraphs 552-573 against the KDW Defendants, and therefore the KDW Defendants are not required to either admit or deny this paragraph. To the extent a response is required and the

---

[15] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count XV. The KDW Defendants adopt and incorporate their own responses thereto.

allegations implicate any alleged liability of the KDW Defendants, those allegations are denied; otherwise, the KDW Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 552-573 of the Third Amended Complaint, including all sub-parts.

553.    See paragraph 552.

554.    See paragraph 552.

555.    See paragraph 552.

556.    See paragraph 552.

557.    See paragraph 552.

558.    See paragraph 552.

559.    See paragraph 552.

560.    See paragraph 552.

561.    See paragraph 552.

562.    See paragraph 552.

563.    See paragraph 552.

564.    See paragraph 552.

565.    See paragraph 552.

566.    See paragraph 552.

567.    See paragraph 552.

568.    See paragraph 552.

569.    See paragraph 552.

570.    See paragraph 552.

571.   See paragraph 552.

572.   See paragraph 552.

573.   See paragraph 552.

Local Access did not bring Count XV of the Third Amended Complaint against The KDW Defendants. To the extent necessary, the KDW Defendants deny that Local Access is entitled to the relief it seeks in the "wherefore" clause of Count XV.

**COUNT XVI – Telecommunications Act - §222(c)**
**(Local Access v. Peerless)**[16]

574.   Local Access did not make the allegations in paragraphs 574-598 against the KDW Defendants, and therefore the KDW Defendants are not required to either admit or deny these paragraphs. To the extent a response is required and the allegations implicate any alleged liability of the KDW Defendants, those allegations are denied; otherwise, the KDW Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 574-598 of the Third Amended Complaint, including all sub-parts.

575.   See paragraph 574.

576.   See paragraph 574.

577.   See paragraph 574.

578.   See paragraph 574.

579.   See paragraph 574.

---

[16] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count XVI. The KDW Defendants adopt and incorporate their own responses thereto.

580.   See paragraph 574.

581.   See paragraph 574.

582.   See paragraph 574.

583.   See paragraph 574.

584.   See paragraph 574.

585.   See paragraph 574.

586.   See paragraph 574.

587.   See paragraph 574.

588.   See paragraph 574.

589.   See paragraph 574.

590.   See paragraph 574.

591.   See paragraph 574.

592.   See paragraph 574.

593.   See paragraph 574.

594.   See paragraph 574.

595.   See paragraph 574.

596.   See paragraph 574.

597.   See paragraph 574.

598.   See paragraph 574.

Local Access did not bring Count XVI of the Third Amended Complaint against The KDW Defendants. To the extent necessary, the KDW Defendants deny that Local Access is entitled to the relief it seeks in the "wherefore" clause of Count XVI.

**DEFENSES**

First Defense – Claim Splitting

Plaintiffs impermissibly split their claims between the Class III sanctions proceedings (Case No. 6:17-cv-00236-PGB-TBS) and this litigation, seeking to litigate for a second time the remedies for conduct already considered and determined in Case III. The Third Amended Complaint involves the same parties and relates to the same series of transactions as the Case III sanctions proceedings. Plaintiffs asserted, at least in part, the same claims and remedies in the sanctions proceedings. The rule against claim splitting required Plaintiffs to assert all of their claims related to the conduct at issue in the sanctions proceeding in a single case to avoid piecemeal litigation. The rule against claim splitting also prevents Plaintiffs from re-asserting claims that were already asserted in the sanctions proceedings, even if withdrawn.

Second Defense – Res Judicata

The doctrine of res judicata precludes Plaintiffs from pursuing this litigation because they already resolved claims related to the same conduct against the same parties with finality in the Case III sanctions proceedings. The Court in Case III had jurisdiction to provide Plaintiffs full relief for the conduct at issue.  Plaintiffs could have litigated their claims fully in Case III, including through any manner of monetary relief.

Third Defense – No Trade Secrets

Plaintiffs cannot establish that the materials at issue qualify as "trade secrets" under the Defend Trade Secrets Act, Florida Uniform Trade Secrets Act, or Illinois Trade Secrets Act, as those various statutory schemes define the term.

<u>Fourth Defense – No Misappropriation</u>

The KDW Defendants did not "misappropriate" any of Plaintiffs alleged trade secrets as that term is defined by the Defend Trade Secrets Act, Florida Uniform Trade Secrets Act, or Illinois Trade Secrets Act. The KDW Defendants did not acquire any alleged trade secrets through improper means. Nor did the KDW Defendants disclose any alleged trade secrets through improper means. The KDW Defendants handled certain discovery materials in litigation in good faith.

<u>Fifth Defense – No Causation of Damages</u>

Plaintiffs have failed to establish that they suffered any damages from the KDW Defendants' alleged misappropriation of Plaintiffs' alleged trade secrets. Plaintiffs allege that Defendants' solicitation of their clients caused them to suffer damages. The KDW Defendants did not engage in any such solicitation. Plaintiffs also allege that Defendants' threatened potential or actual litigation against their customers, and a business transaction that did not come to fruition, caused them to suffer damages. The attenuated nature of these allegations fail to establish that the KDW Defendants caused Plaintiff damages as a matter of law.

<u>Sixth Defense – Setoff</u>

Any damages that may be awarded to Plaintiffs must be reduced by any settlement amounts or damage awards in other cases involving the same underlying conduct or issues, including without limitation the Case III sanctions proceedings.

<u>Seventh Defense – Failure to Mitigate</u>

Any damages that may be awarded to Plaintiffs must be reduced because

Plaintiffs failed to mitigate their damages.

### Eighth Defense – Lack of Standing

Plaintiffs' claims fail to the extent Blitz or Local Access base any claim against the KDW Defendants on alleged trade secrets that belong to the other Plaintiff.

### Ninth Defense – Litigation Privilege

Litigation privilege provides the KDW Defendants absolute immunity against state law claims related to their conduct in Case III. The litigation privilege provides attorneys and parties absolute immunity for actions related to, and occurring within, judicial proceedings. Since Plaintiffs readily admit that "this case is related to Case III" (Dkt. 102, ¶ 22), the litigation privilege applies to bar Plaintiffs' claims.

### Tenth Defense – Unclean Hands/Bad Faith

Plaintiffs' claims against the KDW Defendants are barred by the doctrine of unclean hands because Plaintiffs asserted the various misappropriation claims against the KDW Defendants in bad faith.

### Eleventh Defense – Readily Ascertainable Information

Information that is readily ascertainable by proper means does not qualify as a trade secret. Since the information at issue in this case was readily ascertainable, or generally known to persons in the industry, and disclosed by Local Access, Blitz, and/or their customers, in the course of business and litigation, it cannot qualify as trade secrets and Plaintiffs' claims for misappropriation fail.

### Twelfth Defense – Proper Acquisition

Information that can be properly acquired or duplicated by others without

50

difficulty does not qualify as a trade secret. Since the information at issue in this case could be acquired properly without difficulty, or was provided voluntarily by Plaintiffs and/or their customers, it cannot qualify as trade secrets and Plaintiffs' claims for misappropriation fail.

Thirteenth Defense – Information Obtained by Proper Means

Plaintiffs' claims for misappropriation fail because the KDW Defendants obtained the information and materials at issue through proper means. Each of Plaintiffs' trade secrets claims requires Plaintiffs to establish that the KDW Defendants obtained the information and materials at issue through improper means. However, the information and materials were produced to the KDW Defendants in discovery in Case III and therefore was not obtained through improper means.

Fourteenth Defense – Lack of Reasonable Measures

Plaintiffs' claims for misappropriation fail because Plaintiffs did not take reasonable measures to protect the alleged trade secrets, which defeats their claims. Instead, Plaintiffs and/or their customers, disclosed and made publicly available to Peerless and others their alleged trade secrets.

Fifteenth Defense – Waiver

Plaintiffs waived any claim based on the alleged misuse of discovery materials in Case III by not pursuing those claims.

Sixteenth Defense – Estoppel

Plaintiffs are barred, in whole or in part, from taking positions in this case that are inconsistent with those they took in the Cases III sanctions proceedings under

51

principles of estoppel.

Seventeenth Defense – Election of Remedies

Plaintiffs chose to pursue sanctions for the alleged misuse of the discovery materials in Case III. Having done so, they cannot seek a remedy in this case based on the same allegedly improper conduct.

Eighteenth Defense – Release

Blitz has released its claims and thus they are barred.

Nineteenth Defense – Collateral Estoppel

Plaintiffs are barred from re-litigating any issues of law or fact that were litigated and resolved by the Court in the sanctions proceedings.

Twentieth Defense – Equitable Estoppel

Plaintiffs chose to pursue sanctions, damages, and injunctive relief for the alleged misuse of the discovery materials in Case III, only to later withdraw some of those claims for relief. Having done so, they are equitably estopped from seeking a remedy in this case based on the same allegedly improper conduct.

WHEREFORE, the KDW Defendants respectfully request this Court to enter judgment in their favor and against the Plaintiffs on all counts Plaintiffs asserted against them in the Third Amended Complaint, to award them the costs they incur in this action as well as attorneys' fees as explained *supra*, and to award them such other relief as the Court deems just and proper.

Respectfully submitted:

*/s/ Joshua C. Webb*
DENNIS P. WAGGONER
Florida Bar No: 509426
dennis.waggoner@hwhlaw.com
julie.mcdaniel@hwhlaw.com
JOSHUA C. WEBB
Florida Bar No: 051679
josh.webb@hwhlaw.com
val@hwhlaw.com
HILL WARD HENDERSON
101 E. Kennedy Boulevard, Suite 3700
Tampa, FL 33602
Tel: 813-221-3900 / Fax: 813-221-2900
*Counsel for Defendants Kelley Drye &*
*Warren LLP, Henry Kelly and Catherine*
*James*