IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC,
a Florida Limited Liability Company; and
BLITZ TELECOM CONSULTING, LLC,
a Florida Limited Liability Company,

       Plaintiffs,

                                6:20-cv-02315-WWB-EJK

vs.

KELLEY DRYE & WARREN, LLP,
a New York Limited Liability Partnership;
HENRY KELLY;
CATHERINE JAMES;
PEERLESS NETWORK, INC.,
an Illinois Corporation; and
RICHARD KNIGHT;

       Defendants.

_____/

## **AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

Defendants PEERLESS NETWORK, INC. ("PEERLESS") and RICHARD

KNIGHT ("KNIGHT") (collectively "the PEERLESS Defendants") answer the Third

Amended Complaint (Doc. 102) as follows:

## **PARTIES**

1.     Without knowledge, therefore denied.

2.     Without knowledge, therefore denied.

3.     Without knowledge, therefore denied.

4.     Without knowledge, therefore denied.

5.     Without knowledge, therefore denied.

6.     Without knowledge, therefore denied.

7.     Without knowledge, therefore denied.

8.     Without knowledge, therefore denied.

9.     Admitted.

10.    Denied that Henry Kelly was the managing partner of KDW's Chicago office at all relevant times; otherwise admitted.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Without knowledge, therefore denied.

15.    The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, admitted that were KNIGHT, Bob Sherman, and Scott Kell were employees of PEERLESS at all times material hereto; otherwise, denied.

## JURISDICTION AND VENUE

16.    Admitted that Plaintiffs purport to assert various claims for misappropriation of trade secrets and violation of the Telecommunications Act under the statutes identified. The PEERLESS Defendants deny the merits of this action and deny that Plaintiffs are entitled to any relief.

17.    Admitted for jurisdictional purposes, otherwise denied.

18.    Admitted for jurisdictional purposes, otherwise denied.

19.     Admitted.

20.     Admitted.

21.     Admitted that Plaintiffs purport to assert various claims related to Case III. The document attached as Exhibit 1 to Plaintiff's Third Amended Complaint speaks for itself. Otherwise denied.

22.     Denied.

23.     The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, the PEERLESS Defendants deny the merits of this action and deny that Plaintiffs are entitled to any relief. The quoted provision of the Telecommunications Act speaks for itself.

24.     Admitted that venue is proper; otherwise denied.

## **GENERAL ALLEGATIONS**

25.     Admitted that Blitz and Peerless entered into the referenced agreement, which speaks for itself; otherwise denied.

26.     Admitted that Blitz filed a lawsuit against PEERLESS (Case I), which resulted in a judgment against PEERLESS; otherwise denied.

27.     Admitted.

28.     Admitted that Local Access and PEERLESS entered into the referenced agreement, which speaks for itself; otherwise denied.

29.     Admitted that Local Access and Blitz filed a lawsuit against PEERLESS (Case II), which resulted in settlement that was enforced and upheld upon appeal;

otherwise denied.

30.     Admitted.

31.     Admitted that Local Access filed a lawsuit against PEERLESS (Case III); otherwise denied.

32.     Admitted.

33.     Admitted that Local Access filed the referenced Complaint; otherwise denied.

34.     Denied.

35.     Admitted that the parties in Case III moved the Court for entry of a protective order; otherwise denied. The document attached as Exhibit 3 to Plaintiffs' Third Amended Complaint speaks for itself.

36.     Admitted that the Court in Case III entered a Protective Order Governing the Production of Discovery Material on or around July 10, 2017, which document attached as Exhibit 1 to Plaintiffs' Third Amended Complaint (the "Protective Order") speaks for itself.

37.     The Protective Order speaks for itself; otherwise denied.

38.     The Protective Order speaks for itself; otherwise denied.

39.     The Protective Order speaks for itself; otherwise denied.

40.     The Protective Order speaks for itself; otherwise denied.

41.     The Protective Order speaks for itself; otherwise denied.

42.     The Protective Order speaks for itself; otherwise denied.

43.     The Protective Order speaks for itself; otherwise denied.

44.     Admitted that Local Access produced documents to KDW in December 2017 in Case III, which were given certain confidentiality designations. The allegations contained in this paragraph regarding whether that information fits certain definitions under various statutes state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied. Otherwise without knowledge, therefore denied.

45.     Admitted that Local Access produced documents to KDW in January 2018 in Case III, which were given certain confidentiality designations. The allegations contained in this paragraph regarding whether that information fits certain definitions under various statutes state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied. Otherwise without knowledge, therefore denied.

46.     Admitted that Local Access produced documents to KDW in April 2018 in Case III, which were given certain confidentiality designations. The allegations contained in this paragraph regarding whether that information fits certain definitions under various statutes state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied. Otherwise without knowledge, therefore denied.

47.     Admitted that Local Access produced documents to KDW in December

2017 in Case III, which were given certain confidentiality designations. Otherwise without knowledge, therefore denied.

48.     Admitted that Local Access produced documents to KDW in January and April 2018 in Case III, which were given certain confidentiality designations. Otherwise without knowledge, therefore denied.

49.     Without knowledge, therefore denied.

50.     Without knowledge, therefore denied.

51.     Without knowledge, therefore denied.

52.     Without knowledge, therefore denied.

53.     Without knowledge, therefore denied.

54.     Denied that the PEERLESS Defendants misappropriated any information or caused Plaintiffs to suffer any damages. Otherwise, without knowledge, therefore denied.

55.     Without knowledge, therefore denied.

56.     Without knowledge, therefore denied.

57.     The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

58.     The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore

denied.

59.     The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

60.     The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

61.     The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

62.     The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

63.     The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

64.     Admitted that Local Access produced documents to KDW in May 2018

in Case III, which were given certain confidentiality designations. The allegations contained in this paragraph regarding whether that information fits certain definitions under various statutes state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied. Otherwise without knowledge, therefore denied

65.    Without knowledge, therefore denied.

66.    Without knowledge, therefore denied.

67.    Without knowledge, therefore denied.

68.    Denied that the PEERLESS Defendants misappropriated any information or caused Plaintiffs to suffer any damages. Otherwise, without knowledge, therefore denied.

69.    Without knowledge, therefore denied.

70.    The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

71.    The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

72.    The allegations contained in this paragraph state legal conclusions to

which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

73.  Denied.

74.  Denied.

75.  Admitted.

76.  Denied.

77.  Denied.

78.  Denied.

79.  Denied.

80.  Denied.

81.  The allegations contained in the last sentence of this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extend the PEERLESS Defendants are required to respond to those allegations, denied. Otherwise denied.

82.  Denied.

83.  Without knowledge, therefore denied.

84.  Without knowledge, therefore denied.

85.  Denied.

86.  Denied.

87.  Denied.

88.  Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Admitted that Plaintiffs attempted to make confidentiality designations to documents they produced by altering the documents' file names; otherwise denied.

97.    The Protective Order speaks for itself; otherwise denied.

98.    The KDW Defendants provided the January 2018 Production to PEERLESS; otherwise denied.

99.    The KDW Defendants provided the January 2018 Production to PEERLESS; otherwise without knowledge, therefore denied.

100.    Without knowledge, therefore denied.

101.    Without knowledge, therefore denied.

102.    Without knowledge, therefore denied.

103.    Without knowledge, therefore denied.

104.    Without knowledge, therefore denied.

105.    Without knowledge, therefore denied.

106.    Without knowledge, therefore denied.

107.    Denied.

108. Denied.

109. Denied.

110. Denied.

111. Admitted that Plaintiffs attempted to make confidentiality designations to documents they produced by altering the documents' file names; otherwise denied.

112. As to the first and third sentences, the Protective Order speaks for itself; otherwise denied. As to the second sentence, the PEERLESS Defendants admit that a portable hard drive containing the April 2018 Production was delivered to Mr. Kell; otherwise denied.

113. Without knowledge, therefore denied.

114. Without knowledge, therefore denied.

115. Without knowledge, therefore denied.

116. Without knowledge, therefore denied.

117. Admitted that Plaintiffs produced information in May 2018 with certain confidentiality designations.

118. The Protective Order speaks for itself; otherwise denied.

119. Without knowledge, therefore denied.

120. The KDW Defendants provided the May 2018 Production to PEERLESS; otherwise denied.

121. Denied.

122. Denied.

123. Denied.

124.    Without knowledge, therefore denied.

125.    Without knowledge, therefore denied.

126.    Admitted that Local Access filed certain sanctions motions related to the subject matter of this litigation, which issues were fully litigated in Case III. Otherwise denied.

127.    Denied.

128.    The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, denied.

129.    Denied that Plaintiffs did not seek damages; otherwise admitted.

130.    Denied that Plaintiffs did not seek damages; otherwise admitted.

131.    The motions speak for themselves. Denied to the extent Plaintiffs sought monetary penalties and were permitted to (and did) seek remedies in the form of monetary damages during the Case III sanctions proceedings.

132.    The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, denied.

133.    Admitted.

134.    The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, denied.

135.    Denied.

136.    Denied.

137.    The Discovery Order speaks for itself; otherwise denied.

138.    Admitted that PEERLESS pursued discovery in Case III; otherwise denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, denied.

145.    The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, denied.

146.    The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, denied.

147.    The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the KDW Defendants are required to respond, denied.

148.    Denied.

149.   Denied.

150.   Denied.

151.   Denied.

152.   Denied.

153.   Admitted.

154.   Admitted that the hearing addressed the sanctions motion; otherwise denied.

155.   Admitted that the Magistrate Judge issued a Report and Recommendation on the sanctions motion, which speaks for itself; otherwise denied.

156.   Admitted that the District Court Judge entered an order on the sanctions motion based on the Magistrate Judge's Report and Recommendation, which order speaks for itself; otherwise denied.

157.   The Court's order speaks for itself; otherwise denied.

158.   Denied.

159.   Denied.

160.   Admitted.

161.   Admitted that the Magistrate Judge issued a Report and Recommendation on the sanctions motion, which speaks for itself; otherwise denied.

162.   Admitted that the District Court Judge entered an order on the sanctions motion based on the Magistrate Judge's Report and Recommendation, which order speaks for itself; otherwise denied.

163.   Admitted that the Magistrate Judge and District Court Judge addressed

the issues Plaintiffs raised against PEERLESS in their sanctions motion; otherwise denied.

 164. Denied.

 165. The order speaks for itself; otherwise denied.

 166. Without knowledge, therefore denied.

 167. Denied.

 168. Denied.

 169. Denied.

 170. Denied.

 171. Denied.

 172. Denied.

 173. Denied.

 174. Denied.

 175. Denied.

 176. Denied.

 177. Denied.

 178. Denied.

 179. Denied.

 180. Without knowledge, therefore denied.

 181. Without knowledge, therefore denied, as to the first sentence. Denied as to the second sentence.

 182. Denied.

183.   Without knowledge, therefore denied.

184.   Without knowledge, therefore denied.

185.   Without knowledge, therefore denied.

**COUNT I – Defend Trade Secrets Act**
**(Blitz v. KDW, Henry Kelly and Catherine James)**[1]

186-208. Blitz did not make the allegations in paragraphs 186-208 against the PEERLESS Defendants, and therefore the PEERLESS Defendants are not required to either admit or deny these paragraphs. To the extent a response is required and the allegations implicate any alleged liability of the PEERLESS Defendants, those allegations are denied; otherwise, the PEERLESS Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 186-208 of the Third Amended Complaint.

Blitz did not bring Count I of the Third Amended Complaint against The PEERLESS Defendants. To the extent necessary, the PEERLESS Defendants deny that Blitz is entitled to the relief it seeks in the "wherefore" clause of Count I.

**COUNT II – Defend Trade Secrets Act**

**(Local Access v. KDW, Henry Kelly and Catherine James)**[2]

209-232. Local Access did not make the allegations in paragraphs 209-232 against the PEERLESS Defendants, and therefore the PEERLESS Defendants are

---

[1] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count I. The PEERLESS Defendants adopt and incorporate their own responses thereto.
[2] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count II. The PEERLESS Defendants adopt and incorporate their own responses thereto.

not required to either admit or deny these paragraphs. To the extent a response is required and the allegations implicate any alleged liability of the PEERLESS Defendants, those allegations are denied; otherwise, the PEERLESS Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 186-208 of the Third Amended Complaint.

Local Access did not bring Count II of the Third Amended Complaint against the PEERLESS Defendants. To the extent necessary, the PEERLESS Defendants deny that Blitz is entitled to the relief it seeks in the "wherefore" clause of Count II.

### COUNT III – Defend Trade Secrets Act
### (Blitz v. Peerless and Richard Knight)[3]

233.    Admitted that Blitz attempts to make a claim against the PEERLESS Defendants under the Defend Trade Secrets Act.

234.    The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

235.    Without knowledge, therefore denied.

236.    The PEERLESS Defendants incorporate their response to paragraphs 44-72, above.

237.    Without knowledge, therefore denied.

---

[3] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count III. The PEERLESS Defendants adopt and incorporate their own responses thereto.

238.    Without knowledge, therefore denied.

239.    Without knowledge, therefore denied.

240.    The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

241.    Without knowledge, therefore denied.

242.    Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

243.    Without knowledge, therefore denied.

244.    Without knowledge, therefore denied.

245.    Denied.

246.    Denied.

247.    Denied.

248.    The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

249.    Denied.

250.    Denied.

251.    Denied.

252.    Denied.

253.   Denied.

254.   Denied.

255.   Denied.

256.   Denied.

257.   Denied.

258.   Paragraph 258 and subparts a. through c. are denied, without knowledge, therefore denied as to subpart d.

259.   Denied.

260.   Denied.

261.   Denied.

262.   Denied.

WHEREFORE, the PEERLESS Defendants deny that Blitz is entitled to any relief sought in Count III of the Third Amended Complaint and respectfully request this Court to enter judgment in their favor, and against Blitz, as to Count III of the Third Amended Complaint, and to award the PEERLESS Defendants the costs they incur in this action, as well as their attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D), and such other relief as the Court deems just and proper.

### COUNT IV – Defend Trade Secrets Act
### (Local Access v. Peerless and Richard Knight)[4]

263.   Admitted that Local Access attempts to make a claim against the

---

[4] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count IV. The PEERLESS Defendants adopt and incorporate their own responses thereto.

PEERLESS Defendants under the Defend Trade Secrets Act.

264.   The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

265.   Without knowledge, therefore denied.

266.   Without knowledge, therefore denied.

267.   The PEERLESS Defendants incorporate their response to paragraphs 44-72, above.

268.   Without knowledge, therefore denied.

269.   Without knowledge, therefore denied.

270.   Without knowledge, therefore denied.

271.   Without knowledge, therefore denied.

272.   The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

273.   Without knowledge, therefore denied.

274.   Without knowledge, therefore denied.

275.   Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

276.   Admitted that the Court in Case III entered the Protective Order, which

speaks for itself, otherwise without knowledge, therefore denied.

    277.   Denied.

    278.   Denied.

    279.   Denied.

    280.   Denied.

    281.   Denied.

    282.   Denied.

    283.   Denied.

    284.   Denied.

    285.   The allegations contained in this paragraph state legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond, without knowledge, therefore denied.

    286.   Denied.

    287.   Denied.

    288.   Denied.

    289.   Paragraph 289 and subparts a. through f. are denied.

    290.   Denied.

    291.   Denied.

    292.   Denied.

    293.   Denied.

    WHEREFORE, the PEERLESS Defendants deny that Local Access is entitled

to any relief sought in Count IV of the Third Amended Complaint and respectfully request this Court to enter judgment in their favor, and against Local Access, as to Count III of the Third Amended Complaint, and to award the PEERLESS Defendants the costs they incur in this action, as well as their attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D), and such other relief as the Court deems just and proper.

## COUNT V – Florida Uniform Trade Secrets Act
### (Blitz v. KDW, Henry Kelly and Catherine James)[5]

294-316. Blitz did not make the allegations in paragraphs 294-316 against the PEERLESS Defendants, and therefore the PEERLESS Defendants are not required to either admit or deny these paragraphs. To the extent a response is required and the allegations implicate any alleged liability of the PEERLESS Defendants, those allegations are denied; otherwise, the PEERLESS Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 294-316 of the Third Amended Complaint.

Blitz did not bring Count V of the Third Amended Complaint against The PEERLESS Defendants. To the extent necessary, the PEERLESS Defendants deny that Blitz is entitled to the relief it seeks in the "wherefore" clause of Count V.

## COUNT VI – Florida Uniform Trade Secrets Act
### (Local Access v. KDW, Henry Kelly and Catherine James)[6]

---

[5] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count V. The PEERLESS Defendants adopt and incorporate their own responses thereto.
[6] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count VI. The PEERLESS Defendants adopt and incorporate their own responses thereto.

317-339. Local Access did not make the allegations in paragraphs 317-339 against the PEERLESS Defendants, and therefore the PEERLESS Defendants are not required to either admit or deny these paragraphs. To the extent a response is required and the allegations implicate any alleged liability of the PEERLESS Defendants, those allegations are denied; otherwise, the PEERLESS Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 317-339 of the Third Amended Complaint.

Local Access did not bring Count VI of the Third Amended Complaint against The PEERLESS Defendants. To the extent necessary, the PEERLESS Defendants deny that Local Access is entitled to the relief it seeks in the "wherefore" clause of Count VI.

### COUNT VII – Florida Uniform Trade Secrets Act
#### (Blitz v. Peerless and Richard Knight)[7]

339. Admitted that Plaintiff Blitz attempts to make a claim against the KDW Defendants for remedies under the Florida Uniform Trade Secrets Act; otherwise denied.

233. The allegations in this paragraph contain legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

---

[7] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count VII. The PEERLESS Defendants adopt and incorporate their own responses thereto.

234.   Without knowledge, therefore denied.

235.   Without knowledge, therefore denied.

236.   The PEERLESS Defendants incorporate their responses to paragraphs 44 through 72.

237.   Without knowledge, therefore denied.

238.   Without knowledge, therefore denied.

239.   The allegations in this paragraph contain legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

240.   Without knowledge, therefore denied.

241.   Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

242.   Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

243.   Denied.

244.   Denied.

245.   Denied.

246.   Denied.

247.   Denied.

248.   Denied.

249.   Denied.

250.   Denied.

251.   The allegations in this paragraph contain legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

252.   Denied.

253.   Denied.

254.   Denied.

255.   Denied.

256.   Denied.

257.   Paragraph 360 and all of its subparts are denied.

258.   Denied.

259.   Denied.

260.   Denied.

261.   Denied.

WHEREFORE, the PEERLESS Defendants deny that Blitz is entitled to any relief sought in Count VII of the Third Amended Complaint and respectfully request this Court to enter judgment in their favor, and against Blitz, as to Count VII of the Third Amended Complaint, and to award the PEERLESS Defendants the costs they incur in this action, as well as their attorneys' fees pursuant to section 688.005, Florida Statutes (2023), and such other relief as the Court deems just and proper.

## COUNT VIII – Florida Uniform Trade Secrets Act
### (Local Access v. Peerless and Richard Knight)[8]

369.    Admitted that Plaintiff Local Access attempts to make a claim against the PEERLESS Defendants for remedies under the Florida Uniform Trade Secrets Act; otherwise denied.

370.    The allegations in this paragraph contain legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

371.    Without knowledge, therefore denied.

372.    Without knowledge, therefore denied.

373.    The PEERLESS Defendants incorporate their responses to paragraphs 44-72, above.

374.    Without knowledge, therefore denied.

375.    Without knowledge, therefore denied.

376.    Without knowledge, therefore denied.

377.    Without knowledge, therefore denied.

378.    The allegations in this paragraph contain legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond to those allegations, denied. Otherwise, without

---

[8] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count VIII. The PEERLESS Defendants adopt and incorporate their own responses thereto.

knowledge, therefore denied.

379.   Without knowledge, therefore denied.

380.   Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

381.   Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

382.   Denied.

383.   Denied.

384.   Denied.

385.   Denied.

386.   Denied.

387.   Denied.

388.   Denied.

389.   Denied.

390.   The allegations in this paragraph contain legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

391.   Denied.

392.   Denied.

393.   Denied.

394.   Paragraph 360 and all of its subparts are denied.

395.   Denied.

396.   Denied.

397.   Denied.

398.   Denied.

WHEREFORE, the PEERLESS Defendants deny that Local Access is entitled to any relief sought in Count VIII of the Third Amended Complaint and respectfully request this Court to enter judgment in their favor, and against Local Access, as to Count VIII of the Third Amended Complaint, and to award the PEERLESS Defendants the costs they incur in this action, as well as their attorneys' fees pursuant to section 688.005, Florida Statutes (2023), and such other relief as the Court deems just and proper.

## COUNT IX – Illinois Trade Secrets Act

### (Blitz v. KDW, Henry Kelly and Catherine James)[9]

399-421.   Blitz did not make the allegations in paragraphs 399-421 against the PEERLESS Defendants, and therefore the PEERLESS Defendants are not required to either admit or deny these paragraphs. To the extent a response is required and the allegations implicate any alleged liability of the PEERLESS Defendants, those allegations are denied; otherwise, the PEERLESS Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 399-421 of the Third Amended Complaint.

---

[9] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count IX. The PEERLESS Defendants adopt and incorporate their own responses thereto.

Blitz did not bring Count IX of the Third Amended Complaint against The PEERLESS Defendants. To the extent necessary, the PEERLESS Defendants deny that Blitz is entitled to the relief it seeks in the "wherefore" clause of Count IX.

## COUNT X – Illinois Trade Secrets Act

### (Local Access v. KDW, Henry Kelly and Catherine James)[10]

422-445. Local Access did not make the allegations in paragraphs 422-445 against the PEERLESS Defendants, and therefore the PEERLESS Defendants are not required to either admit or deny these paragraphs. To the extent a response is required and the allegations implicate any alleged liability of the PEERLESS Defendants, those allegations are denied; otherwise, the PEERLESS Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 422-445 of the Third Amended Complaint.

Local Access did not bring Count X of the Third Amended Complaint against The PEERLESS Defendants. To the extent necessary, the PEERLESS Defendants deny that Local Access is entitled to the relief it seeks in the "wherefore" clause of Count X.

## COUNT XI – Illinois Trade Secrets Act
### (Blitz v. Peerless and Richard Knight)[11]

446.    Admitted that Plaintiff Blitz attempts to make a claim against the

---

[10] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count X. The PEERLESS Defendants adopt and incorporate their own responses thereto.

[11] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count XI. The PEERLESS Defendants adopt and incorporate their own responses thereto.

PEERLESS Defendants for remedies under the Illinois Uniform Trade Secrets Act; otherwise denied.

447.    Without knowledge, therefore denied.

448.    Without knowledge, therefore denied.

449.    The PEERLESS Defendant incorporate their response to paragraphs 44-72, above.

450.    Without knowledge, therefore denied.

451.    Without knowledge, therefore denied.

452.    The allegations in this paragraph contain legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

453.    Without knowledge, therefore denied.

454.    Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

455.    Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

456.    Denied.

457.    Denied.

458.    Denied.

459.    Denied.

460.    Denied.

461.   Denied.

462.   Denied.

463.   Denied.

464.   The allegations in this paragraph contain legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

465.   Denied.

466.   Denied.

467.   Denied.

468.   Denied.

469.   Denied.

470.   Paragraph 470 and all of its subparts are denied.

471.   Denied.

472.   Denied.

473.   Denied.

474.   Denied.

WHEREFORE, the PEERLESS Defendants deny that Blitz is entitled to any relief sought in Count XI of the Third Amended Complaint and respectfully request this Court to enter judgment in their favor, and against Blitz, as to Count XI of the Third Amended Complaint, and to award the PEERLESS Defendants the costs they incur in this action, as well as their attorneys' fees pursuant to 765 Ill. Comp. Stat. 1065/5,

and such other relief as the Court deems just and proper.

**COUNT XII – Illinois Trade Secrets Act**
**(Local Access v. Peerless and Richard Knight)**[12]

475.   Admitted that Plaintiff Local Access attempts to make a claim against the PEERLESS Defendants for remedies under the Illinois Uniform Trade Secrets Act; otherwise denied.

476.   The allegations in this paragraph contain legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

477.   Without knowledge, therefore denied.

478.   Without knowledge, therefore denied.

479.   The PEERLESS Defendants incorporate their responses to paragraphs 44-72, above.

480.   Without knowledge, therefore denied.

481.   Without knowledge, therefore denied.

482.   Without knowledge, therefore denied.

483.   Without knowledge, therefore denied.

484.   The allegations in this paragraph contain legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS

---

[12] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count XII. The PEERLESS Defendants adopt and incorporate their own responses thereto.

Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

485.    Without knowledge, therefore denied.

486.    Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

487.    Admitted that the Court in Case III entered the Protective Order, which speaks for itself, otherwise without knowledge, therefore denied.

488.    Denied.

489.    Denied.

490.    Denied.

491.    Denied.

492.    Denied.

493.    Denied.

494.    Denied.

495.    Denied.

496.    The allegations in this paragraph contain legal conclusions to which the PEERLESS Defendants are not obligated to respond. To the extent the PEERLESS Defendants are required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

497.    Denied.

498.    Denied.

499.    Denied.

500.    Paragraph 360 and all of its subparts are denied.

501.    Denied.

502.    Denied.

503.    Denied.

504.    Denied.

WHEREFORE, the PEERLESS Defendants deny that Local Access is entitled to any relief sought in Count XII of the Third Amended Complaint and respectfully request this Court to enter judgment in their favor, and against Local Access, as to Count XII of the Third Amended Complaint, and to award the PEERLESS Defendants the costs they incur in this action, as well as their attorneys' fees pursuant to 765 Ill. Comp. Stat. 1065/5, and such other relief as the Court deems just and proper.

### COUNT XIII – Telecommunications Act - §222(b)
### (Blitz v. Peerless)[13]

505.    Admitted that Plaintiff Blitz attempts to make a claim against PEERLESS for remedies under the Telecommunications Act; otherwise denied.

506.    Admitted.

507.    Without knowledge, therefore denied.

508.    Denied.

509.    Denied.

510.    Denied.

---

[13] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count XIII. The PEERLESS Defendants adopt and incorporate their own responses thereto.

511.   Denied.

512.   Denied.

513.   The allegations in this paragraph contain legal conclusions to which PEERLESS is not obligated to respond. To the extent PEERLESS is required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

514.   Denied.

515.   Denied.

516.   The allegations in this paragraph contain legal conclusions to which PEERLESS is not obligated to respond. To the extent PEERLESS is required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

517.   Denied.

518.   Denied.

519.   Without knowledge, therefore denied.

520.   Without knowledge, therefore denied.

521.   Denied.

522.   Without knowledge, therefore denied.

523.   Without knowledge, therefore denied.

524.   Without knowledge, therefore denied.

525.   Paragraph 525 and all of its subparts are denied.

WHEREFORE, PEERLESS denies that Blitz is entitled to any relief sought in Count XIII of the Third Amended Complaint and respectfully request this Court to enter judgment in its favor, and against Blitz, as to Count XIII of the Third Amended

35

Complaint, and to award PEERLESS the costs it incurs in this action, as well as its attorneys' fees, and such other relief as the Court deems just and proper.

### COUNT XIV – Telecommunications Act - §222(c)
### (Blitz v. Peerless)[14]

526.    Admitted that Plaintiff Blitz attempts to make a claim against PEERLESS for remedies under the Telecommunications Act, otherwise denied.

527.    Admitted.

528.    The allegations in this paragraph contain legal conclusions to which PEERLESS is not obligated to respond. To the extent PEERLESS is required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

529.    Without knowledge, therefore denied.

530.    Denied.

531.    Denied.

532.    Denied.

533.    Denied.

534.    Denied.

535.    Denied.

536.    Denied.

537.    Denied.

538.    Denied.

---

[14] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count XIV. The PEERLESS Defendants adopt and incorporate their own responses thereto.

539.   Denied.

540.   Denied.

541.   Paragraph 541 and all of its subparts are denied.

542.   Denied.

543.   Denied.

544.   Without knowledge, therefore denied.

545.   Without knowledge, therefore denied.

546.   Denied.

547.   Without knowledge, therefore denied.

548.   Without knowledge, therefore denied.

549.   Without knowledge, therefore denied.

550.   Paragraph 550 and all of its subparts are denied.

WHEREFORE, PEERLESS denies that Blitz is entitled to any relief sought in Count XIV of the Third Amended Complaint and respectfully request this Court to enter judgment in its favor, and against Blitz, as to Count XIV of the Third Amended Complaint, and to award PEERLESS the costs it incurs in this action, as well as its attorneys' fees, and such other relief as the Court deems just and proper.

### COUNT XV – Telecommunications Act - §222(b)
### (Local Access v. Peerless)[15]

551.   Admitted that Plaintiff Local Access attempts to make a claim against

---

[15] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count XV. The PEERLESS Defendants adopt and incorporate their own responses thereto.

PEERLESS for remedies under the Telecommunications Act, otherwise denied.

552.   Admitted.

553.   Without knowledge, therefore denied.

554.   Denied.

555.   Denied.

556.   Denied.

557.   Denied.

558.   Denied.

559.   The allegations in this paragraph contain legal conclusions to which PEERLESS is not obligated to respond. To the extent PEERLESS is required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

560.   Denied.

561.   Denied.

562.   Denied.

563.   The allegations in this paragraph contain legal conclusions to which PEERLEES is not obligated to respond. To the extent PEERLESS is required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

564.   Denied.

565.   Denied.

566.   Without knowledge, therefore denied,

567.   Without knowledge, therefore denied.

568.   Denied.

569.   Without knowledge, therefore denied.

570.   Without knowledge, therefore denied.

571.   Without knowledge, therefore denied.

572.   Paragraph 572 and all of its subparts are denied.

WHEREFORE, PEERLESS denies that Local Access is entitled to any relief sought in Count XV of the Third Amended Complaint and respectfully request this Court to enter judgment in its favor, and against Local Access, as to Count XV of the Third Amended Complaint, and to award PEERLESS the costs it incurs in this action, as well as its attorneys' fees, and such other relief as the Court deems just and proper.

### COUNT XVI – Telecommunications Act - §222(c)
### (Local Access v. Peerless)[16]

573.   Admitted that Plaintiff Local Access attempts to make a claim against PEERLESS for remedies under the Telecommunications Act, otherwise denied.

574.   Admitted.

575.    The allegations in this paragraph contain legal conclusions to which PEERLESS is not obligated to respond. To the extent PEERLESS is required to respond to those allegations, denied. Otherwise, without knowledge, therefore denied.

576.   Without knowledge, therefore denied.

577.   Denied.

578.   Denied.

---

[16] Plaintiffs "adopt and incorporate the allegations in paragraphs 1 through 185" in an unnumbered paragraph below the heading for Count XVI. The PEERLESS Defendants adopt and incorporate their own responses thereto.

579.   Denied.

580.   Denied.

581.   Denied.

582.   Denied.

583.   Denied.

584.   Denied.

585.   Denied.

586.   Denied.

587.   Denied.

588.   Paragraph 588 and all of its subparts are denied.

589.   Denied.

590.   Denied.

591.   Without knowledge, therefore denied.

592.   Without knowledge, therefore denied.

593.   Denied.

594.   Without knowledge, therefore denied.

595.   Without knowledge, therefore denied.

596.   Without knowledge, therefore denied.

597.   Paragraph 597 and all of its subparts are denied.

WHEREFORE, PEERLESS denies that Local Access is entitled to any relief sought in Count XVI of the Third Amended Complaint and respectfully request this Court to enter judgment in its favor, and against Local Access, as to Count XVI of the

Third Amended Complaint, and to award PEERLESS the costs it incurs in this action, as well as its attorneys' fees, and such other relief as the Court deems just and proper.

## DEFENSES

### First Defense – Claim Splitting

Plaintiffs impermissibly split their claims between the Class III sanctions proceedings (Case No. 6:17-cv-00236-PGB-TBS) and this litigation, seeking to litigate for a second time the remedies for conduct already considered and determined in Case III. The Third Amended Complaint involves the same parties and relates to the same series of transactions as the Case III sanctions proceedings. Plaintiffs asserted, at least in part, the same claims and remedies in the sanctions proceedings. The rule against claim splitting required Plaintiffs to assert all of their claims related to the conduct at issue in the sanctions proceeding in a single case to avoid piecemeal litigation. The rule against claim splitting also prevents Plaintiffs from re-asserting claims that were already asserted in the sanctions proceedings, even if withdrawn.

### Second Defense – Res Judicata

The doctrine of res judicata precludes Plaintiffs from pursuing this litigation because they already resolved claims related to the same conduct against the same parties with finality in the Case III sanctions proceedings. The Court in Case III had jurisdiction to provide Plaintiffs full relief for the conduct at issue.  Plaintiffs could have litigated their claims fully in Case III, including through any manner of monetary relief.

### Third Defense – No Trade Secrets

Plaintiffs cannot establish that the materials at issue qualify as "trade secrets"

41

under the Defend Trade Secrets Act, Florida Uniform Trade Secrets Act, or Illinois Trade Secrets Act, as those various statutory schemes define the term.

Fourth Defense – No Misappropriation

The PEERLESS Defendants did not "misappropriate" any of Plaintiffs alleged trade secrets as that term is defined by the Defend Trade Secrets Act, Florida Uniform Trade Secrets Act, or Illinois Trade Secrets Act. The PEERLESS Defendants did not acquire any alleged trade secrets through improper means. Nor did the PEERLESS Defendants disclose any alleged trade secrets through improper means. The PEERLESS Defendants handled certain discovery materials in litigation in good faith.

Fifth Defense – No Causation of Damages

Plaintiffs have failed to establish that they suffered any damages from the PEERLESS Defendants' alleged misappropriation of Plaintiffs' alleged trade secrets. Plaintiffs allege that Defendants' solicitation of their clients caused them to suffer damages. The PEERLESS Defendants did not engage in any such solicitation. Plaintiffs also allege that Defendants' threatened potential or actual litigation against their customers, and a business transaction that did not come to fruition, caused them to suffer damages. The attenuated nature of these allegations fail to establish that the PEERLESS Defendants caused Plaintiff damages as a matter of law.

Sixth Defense – Setoff

Any damages that may be awarded to Plaintiffs must be reduced by any settlement amounts or damage awards in other cases involving the same underlying conduct or issues, including without limitation the Case III sanctions proceedings.

42

## Seventh Defense – Failure to Mitigate

Any damages that may be awarded to Plaintiffs must be reduced because Plaintiffs failed to mitigate their damages.

## Eighth Defense – Lack of Standing

Plaintiffs' claims fail to the extent Blitz or Local Access base any claim against the PEERLESS Defendants on alleged trade secrets that belong to the other Plaintiff.

## Ninth Defense – Litigation Privilege

The Florida litigation privilege provides the PEERLESS Defendants absolute immunity against state law claims related to their conduct in Case III. The litigation privilege provides attorneys and parties absolute immunity for actions related to, and occurring within, judicial proceedings. Since Plaintiffs readily admit that "this case is related to Case III" (Dkt. 102, ¶ 22), the litigation privilege bars Plaintiffs' Florida Uniform Trade Secrets Act and Illinois Trade Secrets Act claims.

## Tenth Defense – Unclean Hands/Bad Faith

Plaintiffs' claims against the PEERLESS Defendants are barred by the doctrine of unclean hands because Plaintiffs asserted the various misappropriation claims against the PEERLESS Defendants in bad faith.

## Eleventh Defense – Readily Ascertainable Information

Information that is readily ascertainable by proper means does not qualify as a trade secret. Since the information at issue in this case was readily ascertainable, or generally known to persons in the industry, and disclosed by Local Access, Blitz, and/or their customers, in the course of business and litigation, it cannot qualify as

trade secrets and Plaintiffs' claims for misappropriation fail.

Twelfth Defense – Proper Acquisition

Information that can be properly acquired or duplicated by others without difficulty does not qualify as a trade secret. Since the information at issue in this case could be acquired properly without difficulty, or was provided voluntarily by Plaintiffs and/or their customers, it cannot qualify as trade secrets and Plaintiffs' claims for misappropriation fail.

Thirteenth Defense – Information Obtained by Proper Means

Plaintiffs' claims for misappropriation fail because the PEERLESS Defendants obtained the information and materials at issue through proper means. Each of Plaintiffs' trade secrets claims requires Plaintiffs to establish that the PEERLESS Defendants obtained the information and materials at issue through improper means. However, the information and materials were produced to the PEERLESS Defendants in discovery in Case III and therefore was not obtained through improper means.

Fourteenth Defense – Lack of Reasonable Measures

Plaintiffs' claims for misappropriation fail because Plaintiffs did not take reasonable measures to protect the alleged trade secrets, which defeats their claims. Instead, Plaintiffs and/or their customers, disclosed and made publicly available to PEERLESS and others their alleged trade secrets.

Fifteenth Defense – Waiver

Plaintiffs waived any claim based on the alleged misuse of discovery materials in Case III by not pursuing those claims.

44

### Sixteenth Defense – Estoppel

Plaintiffs are barred, in whole or in part, from taking positions in this case that are inconsistent with those they took in the Cases III sanctions proceedings under principles of estoppel.

### Seventeenth Defense – Election of Remedies

Plaintiffs chose to pursue sanctions for the alleged misuse of the discovery materials in Case III. Having done so, they cannot seek a remedy in this case based on the same allegedly improper conduct.

### Eighteenth Defense – Release

Blitz has released its claims and thus they are barred.

### Nineteenth Defense – Collateral Estoppel

Plaintiffs are barred from re-litigating any issues of law or fact that were litigated and resolved by the Court in the sanctions proceedings.

### Twentieth Defense – Equitable Estoppel

Plaintiffs chose to pursue sanctions, damages, and injunctive relief for the alleged misuse of the discovery materials in Case III, only to later withdraw some of those claims for relief. Having done so, they are equitably estopped from seeking a remedy in this case based on the same allegedly improper conduct

### Twenty-First Defense – Statute of Limitations

Plaintiffs' claims against the PEERLESS Defendants brought pursuant to the Telecommunications Act (Count XIII – Count XVI) are barred by the statute of

limitations set forth in Title 47, United States Code, § 415(a).

WHEREFORE, the PEERLESS Defendants respectfully request this Court to enter judgment in their favor and against the Plaintiffs on all counts Plaintiffs asserted against them in the Third Amended Complaint, to award them the costs they incur in this action as well as attorneys' fees as explained *supra*, and to award them such other relief as the Court deems just and proper.

## JURY DEMAND

The PEERLESS Defendants demand a  trial by jury of all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of October, 2023 a true and correct copy of the foregoing Amended Answer and Defenses to Plaintiffs' Third Amended Complaint was filed with the Clerk of the Court utilizing the CM/ECF system and thereby furnished by electronic mail delivery to all counsel of record in this action.

*/S/ DENNIS R. O'CONNOR*
DENNIS R. O'CONNOR, ESQUIRE
Florida Bar Number:  376574
DOConnor@ohalaw.com
DEREK J. ANGELL, ESQUIRE
Florida Bar Number: 73449
DAngell@ohalaw.com
O'CONNOR, HAFTEL & ANGELL, PLLC
800 North Magnolia Avenue, Ste 1350
Orlando, FL  32803
(407) 843-2100
(407) 843-2061 Facsimile
*Attorneys for Defendants, PEERLESS*
*NETWORK, INC. and RICHARD KNIGHT*