IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS, LLC,
a Florida Limited Liability Company; and
BLITZ TELECOM CONSULTING, LLC,
a Florida Limited Liability Company,

  Plaintiffs,          6:20-cv-02315-WWB-EJK

vs.

KELLEY DRYE & WARREN LLP,
a New York Limited Liability Partnership;
HENRY KELLY;
CATHERINE JAMES;
PEERLESS NETWORK, INC.,
an Illinois Corporation; and
RICHARD KNIGHT;

  Defendants.
_____/

## DEFENDANTS' MOTION TO COMPEL

Defendants Kelley Drye & Warren LLP, Henry Kelly, and Catherine James (collectively, "KDW") hereby move the Court to overrule Plaintiffs' objections to KDW's First Requests for Production ("RFP") (Ex. A) and First Set of Interrogatories (Ex. B), and to compel Plaintiffs to fully respond, and where necessary, in accordance with the terms of a protective order (Doc. 107).

General Objections:

KDW asks the Court to overrule Plaintiffs' general objections as improper:

- RFP General Objections 1-12.
- Interrogatory General Objections 1-4, 6-10.

*See Nat'l Staffing Sols., Inc. v. Sanchez*, 6:21-CV-1590-PGB-LHP, 2022 WL 19355853, at *3 (M.D. Fla. Sept. 12, 2022).

<u>Specific Objections</u>:

KDW asks the Court to overrule Plaintiffs' specific objections as follows:

- Objections to definitions as "overbroad" or "improper":
    - RFP Specific Objections 1-9.
    - Interrogatory Specific Objections 1-7.
- Objections to instructions as "improper":
    - RFP Specific Objections 10-12
    - Interrogatory Specific Objection 11.

Each definition adequately identifies its subject and is neither overbroad nor improper. Each instruction requires Plaintiffs to properly comply with the Federal Rules of Civil Procedure.

<u>Boilerplate Objections</u>:

KDW asks the Court to overrule the following boilerplate objections:

- "Overly broad, unduly burdensome, and not relevant"
    - RFP Responses 1-39.
    - Interrogatory Responses 1-2, 6-10, 15-20.
- "Vague and ambiguous"
    - RFP Responses 18, 19, 26–29, 31–34, 37.
    - Interrogatory Reponses 2-6, 10, 12-13, 15-16, 20.
- "Subject to expert reports"
    - Interrogatory Responses 4-5, 12-13.

*See Liquid Consulting, Inc. v. Herrera*, Case No. 6:22-CV-2312-RBD-RMN, 2023 WL 3688075, at *2 (M.D. Fla. May 26, 2023) (overruling boilerplate objections).

2

Conditional Responses/Objections:

KDW asks the Court to overrule the following conditional responses/objections:

- "Subject-to objections" response:
    - RFP Responses 1-39.
    - Interrogatory Responses 1-10, 12-13, 15-20.
- "To the extent" response:
    - RFP Responses 1-39.

*See Martin v. Zale Delaware, Inc.*, 8:08-CV-47-T-27EAJ, 2008 WL 5255555, at *2 (M.D. Fla. Dec. 15, 2008) (overruling "subject to objections" responses); *UBS Fin. Services, Inc. v. Bounty Gain Enterprises, Inc.*, 1481603CIV, 2016 WL 446556, at *3 (S.D. Fla. Feb. 2, 2016) ("'answer + objection' formula" not acceptable answer).

Other Objections:

KDW asks the Court to overrule Plaintiffs' objection that the information requested is equally within Defendants' possession:

- Interrogatory Responses 6-10, 12-13, 16-19.

KDW cannot identify relevant information without Plaintiffs first identifying what information Defendants allegedly misappropriated. Nor will KDW have all responsive information because many requests for production seek documents and information pertaining to Plaintiffs' businesses, while several Interrogatories seek factual support for Plaintiffs' own allegations.

Document Production:

To date, Plaintiffs have not produced a single document. KDW asks the Court to compel Plaintiffs to immediately produce all responsive non-privileged, non-confidential

3

documents, and to produce all responsive non-privileged, confidential documents in accordance with the terms of a protective order (Doc. 107) within five days of its entry by the Court.

WHEREFORE, based on the foregoing, the Court should overrule the above identified objections and order Plaintiffs to respond fully and completely to KDW's requests for production and interrogatories, and award KDW the costs and attorneys' fees incurred in bringing this motion.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that before filing this motion counsel for the parties conferred in good faith regarding the issues raised herein, but were unable to reach a resolution, necessitating the filing of this motion. Specifically, counsel for the parties held a conference call on February 14, 2024, during which they discussed each of the items raised herein. Counsel for KDW then sent Plaintiffs' counsel a letter on February 16, detailing the deficiencies in Plaintiffs discovery responses, which counsel had previously discussed during their meet-and-confer call, and requesting that Plaintiffs revise their responses accordingly no later than February 21. Counsel for KDW followed up with Plaintiffs on February 22 after not receiving a response. Plaintiffs have not taken any steps to correct their deficient discovery as of the filing of this motion.

## CERTIFICATE OF COMPLIANCE WITH STANDING ORDER ON DISCOVERY MOTIONS

I hereby certify that this motion contains 495 words, exclusive of captions, signature blocks, and certifications, as determined using the Microsoft Word word-counting function.

*/s/ Joshua C. Webb*
DENNIS P. WAGGONER (FBN 509426)
dennis.waggoner@hwhlaw.com
JOSHUA C. WEBB (FBN 051679)
josh.webb@hwhlaw.com
Hill Ward Henderson
101 E. Kennedy Boulevard, Suite 3700
Tampa, FL 33602
Tel: 813-221-3900 / Fax: 813-221-2900
*Counsel for KDW Defendants*
