IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF
FLORIDA ORLANDO DIVISION

LOCAL ACCESS, LLC,
a Florida Limited Liability Company; and
BLITZ TELECOM CONSULTING, LLC,
a Florida Limited Liability Company,

    Plaintiffs,                                                Case No. 6:20-cv-02315-WWB-EJK

vs.

KELLEY DRYE & WARREN LLP,
a New York Limited Liability Partnership;
HENRY KELLY;
CATHERINE JAMES;
PEERLESS NETWORK, INC.,
an Illinois Corporation; and
RICHARD KNIGHT;

    Defendants.
_____/

## **RESPONSE TO MOTION TO COMPEL (DOC. 123)**

Plaintiffs' Objections should not be overruled.

<u>General Objections:</u>

1. The General Objections are proper objections or qualifications and Plaintiffs should not have to repeat them for each Request for Production ("RFP") and Interrogatory ("ROG"). KDW made similar objections on its behalf and on behalf of Peerless in Case 236. Particular examples are the following:

2. Plaintiffs have substantial privileged and confidential/highly confidential documents and information responsive to multiple RFPs and Interrogatories and should not have to repeat their objections each time. Plaintiffs will produce a privilege log

specifying all such documents and such documents and information will be disclosed in accordance with a protective order. (RFP 1, 12; ROG 3, 5).

3. KDW seeks to overrule Plaintiffs' reservations that its responses to Interrogatories and RFPs do not waive relevancy, admissibility, or other rights. In light of KDW's positions in prior litigations, Plaintiffs believe such reservations are necessary. (RFP 3, 5-8; ROG 8, 9).

4. As KDW was previously sanctioned for violation of the Protective Order in Case 236, it is imperative that Plaintiffs restrict the use of their discovery responses to the instant action. (RFP 11; ROG 10).

Specific Objections:

5. The definitions of Local Access and Blitz are overbroad. Plaintiffs have consultants who are not under their control.  As stated, Plaintiffs will produce information from individuals within their control. (RFP 1, 4;  ROG 1, 4).  Other definitions are similarly overbroad as Plaintiffs could not possibly know who all of the included individuals are. Plaintiff will produce information from individuals known to be representing the indicated entities.  (RFP 5 – 9; ROG 5-6).

6. The time periods are generally overbroad as they pre-date KDW's actions by 5 years. (RFP 11; ROG 8).  To the extent there are relevant documents during such time periods, they will be produced.

Boilerplate Objections:

7. The stated objections regarding overly broad, unduly burdensome, relevancy, ambiguity and vagueness are proper.  For example some requests ask for documents "sufficient to show" and Plaintiffs do not know what KDW believes would be

sufficient. (RFP 26, 27). Other Requests seek information regarding all business relationships with customers or potential purchasers and not limited to agreements or transactions that are the subject of this action. (RFP 22, 23). Plaintiffs stated that they would disclose or produce relevant non-privileged information pursuant to a protective order.

      8.     Expert reports – some of the requested information requires expert opinion. Plaintiffs will produce factual information subject to a protective order. (ROG 4-5. 12-13).

<u>Conditional Responses:</u>

      9.     Plaintiffs are entitled to preserve their objections particularly as there is no Protective Order.

<u>Other Objections:</u>

      10.    Plaintiffs' objection as to information equally possessed by KDW is proper as Plaintiffs do not have all such information. Plaintiff will produce information which they possess pursuant to a protective order.

<u>Documents:</u>

      11.    Plaintiffs have each made 2 substantial productions of non-privileged documents. Most of the responsive documents cannot be produced without a protective order.

*/s/ Tammy G. Cohen*
**DAVID S. SELLMAN, ESQUIRE**
(admitted pro hac vice)
Email: dsellman@sellmanhoff.com
**TAMMY G. COHEN, ESQUIRE**
(admitted pro hac vice)
Email: tcohen@sellmanhoff.com
SELLMAN HOFF, LLC
2201 Old Court Road, The Cooperage
Baltimore, Maryland 21208
(410) 332-4151

**ERNEST J. MYERS, ESQUIRE**
Florida Bar No.: 947350
Email: emyers@marcusmyerslaw.com
**LEE W. MARCUS, ESQUIRE**
Florida Bar No.: 967076
Email: lmarcus@marcusmyerslaw.com
MARCUS & MYERS, P.A.
6150 Metrowest Blvd., Ste 208
Orlando, Florida 32835
Tel:    407-447-2550 / Fax: 407-447-2551
Counsel for Plaintiffs

## **CERTIFICATION WITH ORDER ON DISCOVERY MOTIONS**

The undersigned certifies that this Short-Form Discovery Motion Response does not exceed 500 words, exclusive of captions, signature block and certifications, calculated utilizing the Word Count feature of Word for Microsoft 365, with the checkbox for "Include textboxes, footnotes and endnotes" checked.

*/s/ Tammy G. Cohen*
**Tammy G. Cohen, Esq.**
Admitted Pro Hac Vice
Email: tcohen@sellmanhoff.com

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 6, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

<u>/s/ Tammy G. Cohen</u><br>
**TAMMY G. COHEN, ESQUIRE**